IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | CIVIL ACTION NO.   1:18-CR-55 |
| DARRELL RAY LYNCH | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Defendant Darrel Ray Lynch filed an untimely notice of appeal of his criminal conviction. The case was remanded by the United States Court of Appeals for the Fifth Circuit for a determination whether the untimely filing of the notice of appeal was due to excusable neglect or good cause.  Pursuant to 28 U.S.C. § 2254 and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

Factual Background and Procedural History

On July 12, 2018, the defendant was charged in a three-count indictment with one count of production of child pornography and two counts of receipt of child pornography.  The defendant entered into a plea agreement in which he agreed to plead guilty to Count One of the indictment in exchange for a 180-month sentence and the dismissal of the remaining charges.  The defendant waived his right to appeal and to seek collateral review, but he reserved his right to appeal "any punishment imposed not in accord with the terms of this plea agreement" or to seek collateral review of a claim of ineffective assistance of counsel.

On May 17, 2019, the defendant was sentenced to 180 months of imprisonment. The judgment was entered on May 22, 2019. Thus, the final day for filing a timely notice of appeal was June 5, 2019. The defendant filed a *pro se* notice of appeal on June 20, 2019. The Fifth Circuit treated an untimely notice of appeal as a motion for an extension of time to appeal under Federal Rule of Appellate Procedure 4(b) and remanded the case to the district court to determine whether the untimely filing of the notice of appeal was due to excusable neglect or good cause.

## Proceedings on Remand

The defendant was ordered to notify the court of any circumstances that may constitute excusable neglect or good cause. In his response, the defendant stated: "After the sentencing hearing I signed a motion to appeal my case. My court appointed lawyer [Mr. Gary Bonneaux] failed to file this motion. I became aware of the motion not being filed but I was already in transfer to Seagoville FCI. During my transfer I had no way of notifying the court of my notice to appeal. When I arrived at Seagoville FCI, I looked up the court address and sent a notice of appeal that was hand-written." In his motion to withdraw as counsel, filed after the defendant filed his *pro se* notice of appeal, Mr. Bonneaux stated that the defendant had indicated to Mr. Bonneaux that he did not want to appeal his conviction or sentence. Counsel was appointed to represent the defendant and an evidentiary hearing was held to resolve this factual dispute.

## Standard of Review

Federal Rule of Appellate Procedure 4(b) requires a defendant's notice of appeal in a criminal case to be filed within 14 days after the entry of the order or judgment. In a criminal case, the Court may extend the time to file a notice of appeal for 30 days from the expiration of the original deadline upon a finding of good cause *or* excusable neglect. FED. R. APP. P. 4(b)(4). "The excusable neglect

standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault–excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Advisory Committee Notes to FED. R. APP. P. 4, Subdivision (a)(5)(A)(ii), 2002 Amendments.

When evaluating excusable neglect, the court must consider all relevant circumstances, including: the danger of prejudice, the length of the delay, the impact on judicial proceedings, the reason for the delay, and whether the defendant acted in good faith. *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. Ineffective assistance of counsel is sufficient to prove excusable neglect. *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999).

Application

Initially, the defendant claimed that he had shown good cause or excusable neglect because his attorney failed to file a timely notice of appeal. At the evidentiary hearing, the defendant also claimed that he intended to file a *pro se* notice of appeal, but waited until he was transferred to a federal prison so that he would have access to "some documents." This Report and Recommendation will address whether either of these allegations is sufficient to show good cause or excusable neglect.

3

*Ineffective Assistance of Counsel*

A criminal defendant is entitled under the constitution to the effective assistance of counsel on a direct appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). To demonstrate counsel was ineffective, a defendant generally must prove counsel's performance was deficient and the deficient performance prejudiced movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984).

Where counsel fails to file a notice of appeal, despite the defendant's specific instructions to appeal, such failure constitutes ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In such a case, the defendant is entitled to an appeal without showing that he would likely prevail on appeal. *Peguero v. United States*, 526 U.S. 23, 28 (1999); *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007) ("[T]he failure to file a requested NOA is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit."). The presumption of prejudice applies even if the defendant waived his right to appeal. *Garza v. Idaho*, _ U.S. _, 139 S. Ct. 738, 749 (2019). At the other end of the spectrum, a defendant who explicitly tells his attorney not to appeal, cannot later complain that the attorney performed deficiently by following the defendant's instructions not to appeal the judgment. *Flores-Ortega*, 528 U.S. at 477.

Where the defendant has not conveyed his wishes to counsel, the court must determine whether counsel consulted with the defendant about an appeal. *Flores-Ortega*, 528 U.S. at 478. If counsel did not consult with the defendant by advising the defendant about the advantages and disadvantages of appealing and making a reasonable effort to discover the defendant's wishes, then the court must determine whether counsel's failure to consult with the defendant itself constitutes deficient performance. *Id*. "[C]ounsel has a constitutionally-imposed duty to consult with the

4

defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal. . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. In making this determination, the court must consider all the information counsel knew or should have known. *Id.*

At the evidentiary hearing, the defendant testified that he told Mr. Bonneaux to file a notice of appeal following the defendant's sentencing on May 17, 2019. Evidentiary Hearing Transcript (TR) at 12. The defendant testified that Mr. Bonneaux asked him on what basis he wanted to appeal, and the defendant responded that he wanted to pursue an ineffective assistance of counsel claim because Mr. Bonneaux had not shown him the evidence. TR at 12. Following the sentencing hearing, the defendant initialed and signed a document indicating that he wanted to appeal the judgment. TR at14. The defendant testified that Mr. Bonneaux and an investigator came to see him at the jail on May 20, 2019. TR at 16. At that visit, the defendant crossed through his initials on the form where he had indicated he wanted to appeal, the defendant initialed and dated the change, and then he initialed the same form indicating that he did not want to appeal the judgment. TR at 15. Mr. Bonneaux also initialed and dated the form. TR at 15. At the evidentiary hearing, when the defendant was asked on direct examination why he changed his mind about appealing, the following exchange took place:

> [Defendant]: Mr. Bonneaux come up to LaSalle to speak to me and said that we can go to trial if I wished to go to trial. And I didn't want to go to trial. I wanted to file on his–file on the fact of him misrepresenting me because I wanted a whole new attorney. I didn't want him representing no more.
>
> [Counsel]: Okay. So you didn't want him to represent you on appeal?
>
> [Defendant]: Yes, ma'am. That's right.

[Counsel]:  And you didn't want to go back and do something and undo everything and have a trial.  Is that right?

[Defendant]:  Yes, ma'am.

TR at 16.

Defense counsel also testified at the evidentiary hearing.  Mr. Bonneaux testified that the federal public defender's office usually has defendants fill out a form called "Defendant's Decision Regarding Fifth Circuit Appeal" after sentencing.  TR at 55.  Mr. Bonneaux testified that he presented the form to the defendant and discussed it with him briefly in the courtroom following sentencing.  TR at 55.  The defendant advised Mr. Bonneaux that he wanted to appeal, so Mr. Bonneaux had the defendant check the box indicating that he wanted to appeal and then sign the form.  TR at 55.  Three days later, Mr. Bonneaux and an investigator went to visit the defendant at the jail to discuss in more detail the possible impact of an appeal and to make sure that the defendant still wanted to appeal.  TR at 56-57.  Mr. Bonneaux testified that they discussed the evidence against the defendant and the potential for additional charges related to other alleged victims that the defendant had avoided by pleading guilty.  TR at 58.  Mr. Bonneaux testified that the defendant commented that he guessed it could get worse, and he should just leave it alone.  TR at 58.  At that point, the defendant made the alterations to the form to indicate that he did not wish to appeal.  TR at 58.  Mr. Bonneaux testified that he would have filed a notice of appeal if the defendant had asked him to do so, and he would have withdrawn from the case if the defendant wanted to raise claims of ineffective assistance of counsel.  TR at 59-60, 68.

Although the defendant initially told Mr. Bonneaux that he wanted to appeal, it is undisputed that the defendant subsequently told Mr. Bonneaux on May 20, 2019, that he did not want to appeal

6

the judgment.  Mr. Bonneaux did not perform deficiently by following his client's instructions not to appeal the judgment. Therefore, the defendant's claim of ineffective assistance of counsel lacks merit.  Under these circumstances, counsel's failure to file a notice of appeal does not constitute good cause or excusable neglect for the defendant's failure to file a timely notice of appeal.

*Transfer to Federal Prison*

At the evidentiary hearing, the defendant also claimed that the circumstances surrounding his transfer to federal prison constitute good cause or excusable neglect for the delay in filing his *pro se* notice of appeal.  The defendant testified that he was advised at sentencing that he had fourteen days to appeal the judgment. TR at 11-12.  The defendant testified that, even though he told his attorney on May 20, 2019, that he did not want to appeal, he still intended to appeal the judgment. TR at 17.  The defendant testified that he knew he could get "some documents" and file the notice of appeal himself when he was transferred to a federal prison.  TR at 46.

The defendant testified that he remained at the LaSalle facility for a week or two after sentencing, then he was transferred to Oklahoma, and eventually he was sent to the federal prison in Seagoville, Texas.  TR at 17.  The defendant did not file a *pro se* notice of appeal until after he arrived at the federal prison in Seagoville.  TR at 16-17.  The defendant testified that another inmate at the Seagoville prison assisted him by preparing a handwritten notice of appeal for the defendant to sign.  TR at 18.

The defendant admits that he was aware of the deadline for filing a notice of appeal, he admits that he told his attorney not to file a notice of appeal, and he knew that he would have to file a *pro se* notice of appeal.  Nevertheless, the defendant contends that he waited to file the *pro se* notice of appeal so that he would have access to "some documents" when he arrived at a federal

prison.  However, a notice of appeal is a simple document specifying the party taking the appeal, designating the judgment or order being appealed, and naming the court to which the appeal is taken. FED. R. APP. P. 3(c).  There is no requirement that the defendant use a specific "document" or form. In this case, the defendant failed to allege any facts demonstrating good cause or excusable neglect for intentionally waiting to file a notice of appeal until he arrived at the Seagoville prison.

<u>Recommendation</u>

The undersigned recommends that the District Court find that the defendant's notice of appeal was not untimely due to good cause or excusable neglect.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 18th day of May, 2020.

Zack Hawthorn
United States Magistrate Judge